IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

J P OWENS, JR,

       Petitioner,

v.                                    CASE NO. 5:10-cv-183-RS-GRJ

WALTER A MCNEIL,

       Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and is proceeding pursuant to a second amended petition ("Petition"). Doc. 8. The Respondent filed a response and an appendix with relevant portions of the state-court record (hereafter "App."). Docs. 19, 21. Petitioner was afforded an opportunity to file a reply, but did not do so. Upon due consideration of the Petition, the Response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## Summary of State Court Proceedings

Petitioner was charged in Calhoun County with one count of sale or delivery of a controlled substance, a second-degree felony, and one count of possession of a controlled substance with intent to sell or deliver. App. Ex. C 5. The charges stemmed from a controlled drug buy during which Petitioner sold crack cocaine to a confidential informant. Petitioner and his nephew, Henry Fain, were in Petitioner's car during the

---

[1]Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

transaction, and they were stopped and arrested following the sale. Fain entered a no contest plea and cooperated with the prosecution in exchange for a sentence of probation, and testified against Petitioner at trial. Petitioner was convicted following a jury trial and sentenced as a habitual felony offender to fifteen years incarceration. App. Ex. C 120–24.

On direct appeal, Petitioner's appellate counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there were no meritorious grounds for appeal. App. Ex. E. The First DCA granted the motion and per curiam affirmed Petitioner's conviction, without opinion. App. Ex. G, H; *Owens v. State*, 949 So. 2d 203 (Fla. 1st DCA Feb. 7, 2007) (Table). While Petitioner's direct appeal was pending, Petitioner filed a Motion for Post-Conviction Relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. App. Ex. I. Petitioner also filed a Motion to Correct Illegal Sentence. App. Ex. K, L.

The trial court held an evidentiary hearing on the Rule 3.850 motion, at which Petitioner and his trial counsel testified, and then denied relief. App. Ex. N, O. The First DCA per curiam affirmed without opinion. App. Ex. Q; *Owens v. State*, 34 So. 3d 6 (Fla. 1st DCA Feb. 25, 2010) (Table).

The instant Petition, which Respondent concedes is timely, followed. Doc. 8. Petitioner asserts six grounds for relief: (1) his appellate counsel rendered ineffective assistance by failing to identify trial court errors that would support reversal of his conviction or sentence; (2) The state violated *Giglio*[2] by presenting perjured testimony

---

[2]*Giglio v. United States*, 405 U.S. 150 (1972).

to establish his guilt; (3) trial counsel rendered ineffective assistance by failing to object to perjured testimony; (4) trial counsel rendered ineffective assistance by failing to object to the absence of blacks in the jury venire; (5) trial counsel rendered ineffective assistance by failing to object to the validity of the probable cause or search warrant affidavit; and (6) trial counsel rendered ineffective assistance by failing to make Petitioner aware that he could be sentenced as a habitual felony offender.

### Section 2254 Standard of Review

Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), the petitioner must advance clear and convincing evidence that the state court's factual determination was "objectively unreasonable" to rebut the presumption that the determination was correct. *Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir.2011); see § 2254(e) (1).

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir.

2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court," on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-406 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams* ). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor* ] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8  (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652  (2004).

In *Gill v. Mecusker*, 633 F.3d 1272 (11th Cir. 2011), the Eleventh Circuit clarified

how the federal habeas court should address the "unreasonable application of law" and the "unreasonable determination of facts" tests. The court acknowledged the well-settled principle that summary affirmances, such as the Florida First District Court of Appeal's in this case, are presumed adjudicated on the merits and warrant deference. *Id*. at 1288 (citing *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 784–85 (2011), and *Wright v. Sec'y for the Dep't of Corr.*, 278 F.3d 1245, 1254 (11th Cir.2002)). "A judicial decision and a judicial opinion are not the same thing," and the Supreme Court has confirmed that determining whether the state court unreasonably applied the law or unreasonably determined the facts requires only a decision, not an opinion. *Id*. at 1291 (citing *Harrington*, 131 S.Ct. at 784). Yet, the Supreme Court has never squarely addressed whether under the "unreasonable application" test a federal habeas court "looks exclusively to the objective reasonableness of the state court's ultimate conclusion or must also consider the method by which the state court arrives at its conclusion." *Id.* at 1289 (quoting *Neal v. Puckett*, 286 F.3d 230, 244–45 (5th Cir.2002) (summarizing the emerging circuit split)). The Eleventh Circuit concluded that district courts must apply the plain language of § 2254(d) and answer the "precise question" raised in a claim based on the state court's ultimate legal conclusion, and should not "evaluate or rely upon the correctness of the state court's process of reasoning." *Id.* at 1291. In short, the court stated, "the statutory language focuses on the result, not on the reasoning that led to the result." *Id.*

In light of *Gill,* the "unreasonable determination of facts" standard plays a limited role in habeas review because the district court considers the reasonableness of the trial court's fact finding only to the extent that the state court's ultimate conclusion relied

on it. *Id*. at 1292. A federal habeas court can consider the full record before it to answer "the only question that matters[:]" whether the state court's decision was objectively unreasonable. *Gill*, 133 F.3d at 1290.

Because the Petition alleges ineffective assistance of counsel, a review of the applicable law is necessary. Under *Strickland v. Washington*, 466 U.S. 668, 677-78 (1984), to prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted). "The relevant question is not whether counsel's choices were strategic, but whether they were reasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000). There are no "absolute rules" for determining whether counsel's actions were indeed reasonable, as "[a]bsolute rules would interfere with counsel's independence–which is also constitutionally protected–and would restrict the wide latitude counsel have in making tactical decisions." *Putnam v. Head*, 268 F.3d 1223, 1244 (11th Cir. 2001). "To uphold a lawyer's strategy, [the Court] need not attempt to divine the lawyer's mental processes underlying the strategy." *Chandler v. United States*, 218 F.3d 1305, 1314 n.16 (11th Cir. 2000) (en banc). "No lawyer can be expected to have considered all of the ways [to provide effective assistance]." *Id*.

> If a defense lawyer pursued course A, it is immaterial that some other reasonable courses of defense (that the lawyer did not think of at all) existed and that the lawyer's pursuit of course A was not a deliberate choice between course A, course B, and so on. The lawyer's strategy was course A. And [the Court's] inquiry is limited to whether this strategy, that is, course A, might have been a reasonable one.

*Id*.

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one. *Harrington* 131 S.Ct. at 786. The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1). As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law." *Harrington*, 131 S.Ct. at 785 (quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments

or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

<u>Discussion</u>

*Claim 1: Counsel's failure to identify meritorious issues for appeal*

Petitioner contends that appellate counsel rendered ineffective assistance on direct appeal by moving to withdraw and filing an *Anders*[3] brief, and that he was thereby

---

[3]In *Anders*, the Supreme Court held that where counsel appointed to represent an indigent criminal defendant determines an appeal to be "wholly frivolous," counsel should so advise the court and request permission to withdraw. A request to withdraw must be accompanied by a brief referring to anything in the record that might arguably

deprived of a fair trial.  Doc. 8.  Respondent contends that Petitioner failed to exhaust this claim in state court, that the claim is now procedurally defaulted, and that the claim is patently frivolous.  Doc. 19.

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b)(1), (c).  Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  To properly exhaust a federal claim, a petitioner must "fairly present" his federal claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

In this case, the record does not reflect that Petitioner raised this issue in his state postconviction filings.  Petitioner presents no argument that he can show any cause or prejudice sufficient to overcome the procedural default.

Even if the claim were not procedurally defaulted, Petitioner has failed to show

_____

support the appeal. A copy of counsel's brief should be furnished the indigent, who may then file a responsive brief.  The appellate court then undertakes an examination of the record to determine if the appeal is frivolous.  If it so finds, the court may grant counsel's request to withdraw and dismiss the appeal or proceed to a decision on the merits, if state law so requires. If the court finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal. *Anders*, 386 U.S. at 744 (emphasis supplied).

that the claim has any merit.[4]   Petitioner does not explain how appellate counsel failed

to comply with *Anders*.  To the extent Petitioner argues that appellate counsel should

have raised matters that are addressed in his remaining federal habeas claims, such

claims will be addressed in the context presented in the instant Petition.

### Claims 2 & 3: Prosecutorial Misconduct and Ineffective Assistance

Petitioner contends that the state knowingly presented the perjured testimony of

his nephew, Henry Fain.  According to Petitioner, Fain testified at trial that he handed

Investigator Bryant $80 of drug "buy money" that Petitioner had given him after the sale.

Petitioner alleges that Detective Mallory testified in a pretrial deposition that the money

was recovered from Fain's left front pants pocket.   Petitioner contends that Fain's

allegedly "perjured" trial testimony violated *Giglio*.  Petitioner also contends that

counsel's failure to object to such perjured testimony amounts to ineffective assistance.

In order for perjury to constitute grounds for the granting of habeas relief,

petitioner must show that certain testimony (1) was used by the state, (2) was false, (3)

was known by the state to be false, and (4) was material to the guilty or innocence of

the defendant. *Giglio*, 405 U.S. at 150; *see also, United States v. Agurs*, 427 U.S. 97,

103–04 (1976); *United States v. Jones*, 614 F.2d 80, 82 (5th Cir.1980) ("[F]or perjury by

a witness to constitute grounds for relief appellant would have to show that the

Government knowingly used the perjured testimony.").

In rejecting this claim on postconviction review following an evidentiary hearing,

the state court reasoned as follows:

---

[4]Pursuant to 28 U.S.C § 2254(b)(2), a habeas petition may be denied on the
merits, notwithstanding Petitioner's failure to exhaust state court remedies.

Defendant also asserts that trial counsel was ineffective when he failed to file a motion in limine to prevent the Defendant's nephew, Henry Fain, from testifying at trial due to his conflicting testimony prior to trial. In addition, Defendant states that counsel was negligent because he allowed Henry Fain to testify at trial with immunity in exchange for his fraudulent and unintelligent testimony by the State. Defendant's claim is without merit.

According to Defendant's trial counsel, the testimony presented at trial was unfavorable to the Defendant. Furthermore, counsel stated that there was no evidence of perjury that he knew about through his investigation. But, counsel was aware of the inconsistencies in the State's witnesses stories. However, trial counsel testified that he properly impeached each of the State's witnesses upon cross examination to cast doubt on the evidence presented at trial. Despite the foregoing, trial counsel stated that the evidence and/or testimony Defendant complained about in his motion is within the province of the jury to decide who they believed.

In reviewing the trial transcript, the record clearly refutes Defendant's allegations. During Henry Fain's cross examination, Defendant's trial counsel repeatedly impeached the credibility of this witness via the inconsistent statements made at a deposition. *See Trial TR, pgs. 78–83.* Defendant's claim that counsel was negligent in allowing Henry Fain to testify at trial fraudulently with immunity is also refuted by the record. Counsel went into great depth during cross examination to test the truthfulness of Henry Fain's testimony due to the terms of a plea agreement rather than immunity as the Defendant submits. *See Trial TR, pgs. 83–87; 91.* In addition, the State inquired into Henry Fain's acceptance of a plea deal which required him to testify truthfully at the Defendant's trial. *See Trial TR, pgs. 76; 90-91.* Finally, Defendant's counsel reiterated during closing argument the inconsistencies as well as the truthfulness of Henry Fain's testimony at trial. *See Trial TR, pgs. 110–112; 114–116; 119–120.*

Based on the foregoing, this Court finds that trial counsel was not ineffective when he failed to file a motion in limine to prevent Henry Fain from testifying at trial. Instead, Henry Fain's testimony was a jury decision to weigh and consider which evidence was reliable in rendering their verdict. *See Jury Instructions 3.9; Trial TR, pgs. 140–141.* As a result, counsel is not ineffective for failing to file motions that have no merit. *See Magill v. State*, 457 So. 2d 1367 (Fla. 1984). Therefore, Defendant's allegations fail to satisfy either prong of *Strickland*.

. . . Defendant alleges that the State's use of perjured testimony at trial

violated his right to due process and caused fundamental error. Defendant's claim is without merit.

According to defendant's trial counsel, the testimony present at trial was unfavorable to the defendant, but he was unaware of any perjured testimony through his investigation. But, counsel was aware of the inconsistencies in the State's witnesses stories. However, trial counsel testified that he properly impeached each of the State's witnesses upon cross examination to case doubt on the evidence presented a trial. *See Trial TR, pgs. 25–34; 45–50; 78–88; 91*. In closing, trial counsel stated that the evidence and/or testimony Defendant complained about in his motion is within the province of the jury to decide who they believed.

This Court finds that the testimony presented at trial was effectively cross examined by Defendant's trial counsel to cast doubt due to the inconsistent stories throughout the State's case. Based upon the trial counsel's own investigation, he saw no perjury to act upon that would require him to file a motion. Rather, the evidence presented at trial was for a jury to deliberate and decide its reliability. Therefore, Defendant's allegations fail to satisfy either prong of *Strickland*.

App. Ex. N.

Petitioner points to nothing in the record that contradicts the trial court's conclusion that Fain's testimony was not "perjured," but rather reflected inconsistencies in testimony that was thoroughly explored by Petitioner's counsel. Petitioner has not established that Fain's testimony was "perjured" within the meaning of *Giglio*. Moreover, the state court reasonably concluded that counsel did not render ineffective assistance under *Strickland* because counsel effectively explored the inconsistent testimony in order to cast doubt on the State's case. On this record, Petitioner is not entitled to federal habeas relief on his second and third claims.

### Claim Four: Ineffective assistance regarding composition of venire

Petitioner contends that his trial counsel rendered ineffective assistance by failing to object to the absence of black jurors in the venire. In rejecting this claim on

postconviction review, the state court reasoned:

> Defendant alleges counsel was ineffective when he failed to object to [a]
> *Neil* error. Defendant's claim is without merit. *See Jury Selection TR.*
> Defendant's counsel stated that he was never given an opportunity to
> present this claim before the Court. According to the trial counsel, the
> State never challenged a black juror during voir dire. As a direct
> consequence, counsel stated that he had no good faith basis to argue the
> point during jury selection. Moreover, trial counsel noted that he could not
> get the Defendant to participate in jury selection. Therefore, Defendant
> fails to establish either prong of *Strickland*.

App. Ex. N.

The venire from which a jury is selected must represent a "fair cross-section" of the community in which the court sits. *Taylor v. Louisiana*, 419 U.S. 522, 528–29 (1975). In *Duren v. Missouri*, 439 U.S. 357 (1979), the Supreme Court established the framework for analyzing fair cross-section claims. To establish a prima facie violation, the defendant must show that: 1) the group alleged to be excluded is a distinctive group in the community; 2) the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and 3) this under-representation is due to systematic exclusion of the group in the jury-selection process. *Id.* at 364.

Pursuant to Rule 7, Rules Governing Section 2254 Cases, the Court permitted Respondent to supplement the record with an affidavit from Ruth W. Attaway, the Clerk of Court for Calhoun County, attesting that Petitioner' venire was selected through a random process from all of the citizens of the Calhoun county with a driver's license. App. Ex. U. This is the same system utilized currently. Petitioner has made no showing that this system amounts to systematic exclusion of blacks on Calhoun County jury venires, or that such system provided any grounds for counsel to object to the

venire.

Further, although Petitioner alleges that he asked his counsel about the absence of blacks in the venire, the state court found, following an evidentiary hearing, that counsel attempted to gain Petitioner's participation in jury selection but he would not participate.  App. Ex. N.  On this record, Petitioner has failed to show that the state court's rejection of this claim on both the performance and prejudice prongs of *Strickland* was unreasonable.

### Claim Five: Ineffective assistance regarding validity of affidavits

Petitioner contends that his trial counsel was ineffective for failing to challenge the validity of the probable cause or search warrant affidavits, which were based solely on the confidential informant's statements.  Doc. 8.  In rejecting this claim on postconviction review, the state court explained:

> Defendant alleges counsel was ineffective when he failed to challenge the validity of the probable cause affidavit prior to trial. Defendant's claim is without merit. According to trial counsel, he questioned the officers who created the probable cause affidavit through discovery and cross examination on the stand. *See Trial TR, pgs. 25–35; 45–50.* Counsel also questioned the confidential informant about his knowledge. *See Trial TR, pgs. 59–65.* Counsel is not ineffective for failing to file motions that have no merit. *See Magill.* Therefore, Defendant has failed to establish either prong of *Strickland*.

App. Ex. N.

The state court found, after an evidentiary hearing, that counsel did in fact investigate the basis for the probable cause affidavit and cross-examined witnesses regarding the reliability of the confidential informant.  It is clear that the state court would have rejected a motion challenging the affidavits as meritless.  On this record, Petitioner has failed to show that the state court's rejection of this claim on both the

performance and prejudice prongs of *Strickland* was unreasonable.

### *Claim Six: Ineffective assistance regarding sentencing exposure*

Petitioner contends that prior to trial neither counsel nor the State informed him

that he could be sentenced as a habitual offender.  He asserts that he was not aware

until after the trial that the state had filed a notice to seek habitualization.  Doc. 8.

The state court made explicit factual findings on this issue following the

evidentiary hearing:

> Defendant alleges counsel was ineffective during the penalty phase thus making it unreliable. Specifically, Defendant claims that counsel did not challenge the habitual offender sentence imposed upon him. However, Defendant's claim is refuted by the record. *See Sentencing TR, pgs. 10–13; 18–23; 29–32.* According to Court records, the State filed their Notice of Habitual Offender Status on February 16, 2006. On March 15, 2006, the Court heard all testimony and evidence and concluded that [the] State met its burden of proving that Defendant qualified for habitual offender status. *See Sentencing TR, pgs. 33–35.* In addition, the Court filed an Order of Habitual Felony Offender Status on March 17, 2006. Therefore, Defendant has failed to establish either prong of *Strickland*.
>
> According to the Defendant's testimony, he had no discussions with trial counsel about the implications of a habitual offender enhancement at sentencing either before or during trial. However, Defendant admitted that he did have discussions with counsel prior to sentencing. In addition, Defendant submits that counsel did not discuss with him the maximum penalty he could receive before the State filed its notice for habitual offender classification. In fact, Defendant stated that if he was told about a habitual offender sentence prior to trial, he would have opted for a five year DOC plea deal offered by the State, which he refused to accept.
>
> On the other hand, trial counsel stated that he had [an] independent recollection of the habitual offender enhancement. According to counsel, Defendant was well aware from the very beginning that he could receive [an] habitual offender enhancement if he proceeded to trial. There were discussions between counsel and Defendant about the plea deal of five years compared to thirty years as a sentencing enhancement. In fact, trial counsel stated that the assistant state attorney never backed down about his five year plea offer or Defendant going to prison for a long

time. However, trial counsel stated that Defendant informed him that he would never voluntarily go back to prison, hence Defendant's decision to pick six and proceed to trial and reject the plea deal.

Based on the foregoing, the Court finds that the counsel was not ineffective as his client submits. Rather, Defendant did receive a legal sentence, and he is not entitled to any relief on this claim. Therefore, Defendant's claim is denied.

In *Missouri v. Frye*, 566 U.S. ___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, 566 U.S. ___, 132 S.Ct. 1376 (2012), the Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to plea negotiations. *Frye*, 566 U.S. ___, 132 S.Ct. at 1404–08; *Lafler*, 566 U.S. at ___, 132 S.Ct. at 1384. Thus, criminal defendants are "entitled to the effective assistance of competent counsel" during plea negotiations. *Lafler*, 566 U.S. at ——, 132 S.Ct. at 1384 (internal quotation marks omitted). The Court also considered how to apply the prejudice prong of the ineffective-assistance-of-counsel test set forth in *Strickland* and concluded that, in order to show prejudice, a defendant must demonstrate a reasonable probability that: (1) he would have accepted a plea offer but for counsel's ineffective assistance; (2) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it; and (3) the plea would have resulted in a lesser charge or a lower sentence. *Frye*, 566 U.S. at ___, 132 S.Ct. at 1409; *Lafler*, 566 U.S. at ___, 132 S.Ct. at 1384–85.

In this case, it is clear that the state court credited counsel's testimony over Petitioner's on the issue whether counsel discussed Petitioner's sentencing exposure with him prior to trial. *See* App. Ex. N. The state court also credited counsel's testimony that Petitioner refused to accept a plea offer, even in the face of an enhanced

sentence, because Petitioner would not voluntarily return to prison. *Id*. The state court's findings as to witness credibility are presumptively correct. *See Brown v. Head*, 272 F.3d 1308, 1314 (11th Cir. 2001). On this record, Petitioner has failed to show that the state court's rejection of this claim on either the performance and prejudice prongs of *Strickland* was unreasonable.

## Certificate of Appealability

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

Rule 11(a) also provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. That the petition for writ of habeas corpus (Doc. 8) should be **DENIED**.

2. That a certificate of appealability should be **DENIED.**

**IN CHAMBERS** this 12th day of July 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

<u>**NOTICE TO THE PARTIES**</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.